■   In the Matter of LEWIS C. PARSONS et al., Respondents, v. STATE TAX COMMISSION, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered April 13, 1972 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to cancel and annul notices of determination issued by respondent and to restrain respondent from continuing further administrative hearings on such notices. Petitioners are officers and directors of Parsons of Glens Falls, Inc., a corporation engaged in the sale and rental of automobiles. The corporation filed tax returns for sales taxes it collected for four quarters ending February 28, 1969, May 31, 1969, August 31, 1969 and November 30, 1969 which returns appellant admitted contained correct computations of the amount of taxes due. The corporation failed to pay the taxes and is presently in the process of seeking adjudication in bankruptcy. A notice of determination and demand under jeopardy dated November 19, 1970 was served on each of the respondents. This notice stated that the amount of tax due and payable had been determined pursuant to section 1138 of the Tax Law. Subsequently, a second notice dated January 20, 1971 was served on respondents stating that they were personally liable as officers of the corporation under sections 1131 and 1133 of the Tax Law for the sales tax collected by Parsons of Glens Falls, Inc. This notice also contained a statement that the Tax Commission's determination would become final unless the respondents filed an application for a hearing within 90 days. On January 25, 1971 the first notice was canceled. All of the respondents, except one, demanded a hearing, but when the proceedings commenced on March 16, 1971 they protested that the commission had no authority to make the determination or to conduct the hearing in this particular case. The hearing officer stated he had no power to rule on a question of law and proceeded with the hearing. After two days the hearings were adjourned to July 7, 1971 due to illness of appellant's counsel. In the interim, on May 18, 1971, respondents commenced an article 78 proceeding seeking a judgment that the Tax Commission had acted beyond its authority and prohibiting it from continuing the hearing and ordering it to annul the determinations. Appellant moved to dismiss the petition but the motion was denied and appellant duly answered. Respondents then moved for summary judgment and it was granted. From that judgment this appeal was taken. Respondents contend that the State Tax Commission had no authority to serve notices of determination and demand since the tax returns were filed with the commissioner and the computations of taxes due contained therein were correct. (Tax Law, § 1138.) Appellant contends that respondents, as officers of the corporation, are personally liable for the sales taxes collected as provided by sections 1131

---

and 1133 of the Tax Law which is not denied by respondents. Special Term held, since the tax returns were filed and the tax computations were correct, the commission was relegated to the procedures provided by section 1141 of the Tax Law for the recovery of the taxes not paid over. The tax returns filed herein were the tax returns of the corporation signed by one of the officers of the corporation. None of the respondents filed a tax return as a person "required to collect any tax imposed by this article" and thus personally liable for the tax imposed. (Tax Law, § 1136.) The State Tax Commission was acting within its authority when it issued the notices of determination and demand for the purpose of giving notice to the individual officers that they were persons liable for the taxes imposed and thus affording them an opportunity for a hearing to dispute their liability as a person required by statute to collect the tax imposed. It is conceded that under the circumstances here, the commission had authority to proceed against respondents by an action in court to enforce the payment of the tax or, in the alternative, to issue a warrant directing a levy upon the real and personal property of any person liable for the tax. (Tax Law, § 1141.) Section 1142 of the Tax Law, in granting general powers to the State Tax Commission, provides that: "In addition to the powers granted to the tax commission in this article, it is hereby authorized and empowered. * * * 6. To assess, determine, revise and readjust the taxes imposed by this article." Under the general powers of section 1142, as well as the provisions of section 1138, the commission was authorized to follow the procedure of giving notice to the alleged taxpayer of his liability for tax and afford him a hearing to protest his liability. This procedure provides a fair and prompt review of the issue of liability without recourse to the harsher remedies set forth in section 1141. Respondents' contention that the commission had no authority to continue its hearings after requests for such hearings were made by the respondents in the first instance is not well taken in view of the commission's overall powers, and the procedure that granted respondents an opportunity to be heard. Judgment reversed, on the law and the facts, and petition dismissed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.